IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

K&S CARRIERS, LLC,

                           Plaintiff,

v.                                                OPINION and ORDER

TOTAL QUALITY LOGISTICS LLC, and              23-cv-356-jdp
ENERGY SOLUTIONS AND SUPPLIES, LLC,

                           Defendants.

---

       This case arises from the theft of two shipments of solar panels. The parties here are all potential victims, and the ultimate substantive dispute concerns who is responsible for the loss. But the issue now before the court is whether the case is in the right forum.

       In 2022, defendant Energy Solutions and Supplies hired defendant Total Quality Logistics (TQL), a transportation broker, to arrange shipment of solar panels from California to Florida. TQL arranged for who it thought was plaintiff K&S Carriers to transport them to Florida. The panels were picked up in California, but they never got to Florida.

       An impostor had hacked K&S Carriers's electronic credentials, booked the shipment, and absconded with the solar panels. Energy Solutions and TQL blamed K&S Carriers for the loss and took two steps to enforce their rights: TQL submitted claims to K&S Carriers's insurance company, and Energy Solutions sent K&S Carriers a notice of claim and demand for payment. K&S Carriers filed suit in the Circuit Court for Clark County, Wisconsin, seeking a declaratory judgment that it is not liable for the theft.[1] Dkt. 1; Dkt. 2. Defendants removed

---

[1] K&S's state court complaint also sought a money judgment against Energy Solutions for unpaid invoices, but that claim does not appear in its amended complaint in this court. Dkt. 27.

the case to this court and promptly moved to dismiss on a variety of grounds. K&S Carriers filed an amended complaint. Dkt. 27.[2]

Now before the court are defendants' renewed motions to dismiss the amended complaint. Energy Solutions seeks dismissal under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, under Rule 12(b)(6) for failure to state a claim, and under Rule 12(b)(3) for improper venue. Dkt. 32. TQL also requests dismissal for failure to state a claim and improper venue, and alternatively seeks transfer to the Southern District of Ohio pursuant to the forum-selection clause in its broker/carrier agreement with K&S Carriers. Dkt. 34.

K&S Carriers has failed to show that Energy Solutions has sufficient contacts with the State of Wisconsin to support personal jurisdiction over it, nor is the Western District of Wisconsin a proper venue. But rather than dismiss the case, the court will transfer the case to the United States District Court for the Southern District of Ohio, where venue is proper and all parties are amenable to personal jurisdiction.

FACTUAL BACKROUND

On a motion to dismiss for failure to state a claim, the court accepts the factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. On a motion to dismiss for lack of personal jurisdiction or improper venue, the court can consider the parties' evidence. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020); *Lett v. City of Chicago*, 946 F.3d 398, 399 (7th Cir. 2020). So the court draws the facts from K&S Carriers's amended complaint, Dkt. 27; defendants' notice of removal, Dkt. 1;

---

[2] The court will accept the amended complaint, even though K&S Carriers should have sought leave of court before filing it.

2

declarations submitted by the parties, Dkt. 1 and Dkt. 44; and the broker/carrier agreement submitted along with TQL's initial motion to dismiss, Dkt. 22-1.

All three parties are limited liability companies. K&S Carriers is a small motor carrier with its sole place of business in Greenwood, Wisconsin; it is a citizen of Wisconsin. Defendant TQL is a transportation broker and a citizen of Ohio, but it has an office in Milwaukee, Wisconsin. Defendant Energy Solutions is a manufacturer of solar products in Chandler, Arizona; it is a citizen of Arizona. Energy Solutions has but one contact with Wisconsin prior to this case, a single shipment in 2023.

More than seventeen years ago, K&S Carriers entered into an agreement with TQL to transport freight for some of TQL's customers. The agreement includes a provision requiring that any lawsuits between K&S Carriers and TQL be filed in Hamilton County, Ohio.

In October 2022, Energy Solutions hired TQL to arrange shipment of four containers of solar panels worth more than $400,000 from Chino, California, to Pensacola, Florida. When the panels failed to arrive at their intended destination, TQL contacted K&S Carriers for an update. But K&S Carriers did not know anything about the solar panels because it had not been offered the loads by TQL or accepted or picked up the loads for transport. At that time, K&S Carriers did not have any trucks available in California.

A few days before receiving the call from TQL, K&S Carriers had learned that it was the victim of identity theft. Apparently, an unknown imposter had hacked into K&S Carriers's account with the Registry Monitoring Insurance Services (RMIS), a motor carrier database, and changed K&S Carriers's contact information. K&S Carriers had already contacted RMIS to notify it of the fraudulent changes to its account and had filed multiple complaints related

3

to the identity theft with federal authorities. K&S Carriers also blocked the imposter's email address used to perpetrate the fraud.

Nonetheless, the hack permitted the imposter to masquerade as K&S Carriers to accept Energy Solutions's solar panels from TQL, pick them up in California, abscond with them, and demand TQL pay $1,600 per truck as ransom for each container. TQL did not pay the ransom, and the solar panels have not been recovered.

Energy Solutions and TQL demanded that K&S Carriers pay for the solar panels and filed claims with K&S Carriers's insurer, Travelers Property Casualty Company of America. Travelers denied coverage because K&S Carriers never accepted the solar panels. On April 18, 2023, Energy Solutions served a notice of claim to TQL, K&S Carriers, Travelers, and two other insurers, demanding $412,0784.08 plus attorney's fees and costs. The notice of claim cites K&S Carriers's failure to "correctly handle this matter" by "failing to prevent the container theft and/or failing to notify companies who hired K&S Carriers that its MC#s had been compromised and/or were being used by scammers to fraudulently pick up loads." Dkt. 12-2 at 4-5.

K&S Carriers alleges that the claim is so significant that K&S Carriers "would need to disclose the claim in its financial statements and to creditors," the claim "would limit K&S Carriers's credit," and "a finding of liability would also result in an increase of K&S Carriers's insurance premiums." Dkt. 27 at ¶ 23. But so far, no other lawsuit has been filed related to this matter.

4

ANALYSIS

**A. Personal jurisdiction over Energy Solutions**

This court may exercise personal jurisdiction over a foreign defendant like Energy Solutions only to the extent permitted by Wisconsin's long-arm statute, Wis. Stat. § 801.05, and the Due Process Clause. *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019) (citing *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012)). The due process inquiry is dispositive in this case, so it is unnecessary to consider whether Energy Solutions falls within Wisconsin's the long-arm statute. *See Felland*, 682 F.3d at 678. K&S Carriers bears the burden of establishing personal jurisdiction. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 799 (7th Cir. 2014).

The due process inquiry focuses on Energy Solutions's relationship to Wisconsin and whether its contacts with the state are sufficient to confer either general or specific personal jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (citing *Walden v. Fiore*, 571 U.S. 277, 283-86 (2014); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 806-07 (1985)). K&S Carriers relies only on specific jurisdiction, which focuses on the connection between the defendant's contacts with the forum state and the underlying controversy. *Lexington*, 938 F.3d at 878 (quoting *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011)).

Generally, a defendant cannot be haled into court in a specific jurisdiction without "fair warning" that a particular activity might subject it to the jurisdiction of that forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). K&S must show three things to establish specific jurisdiction over Energy Solutions: (1) Energy Solutions must have purposefully availed itself of the privilege of conducting business in Wisconsin or purposefully directed its activities at

5

Wisconsin; (2) K&S Carriers's alleged injury must have arisen from or relate to Energy Solutions's Wisconsin-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Lexington*, 938 F.3d at 878; *Felland*, 682 F.3d at 673 (citations omitted). At this stage of the case, K&S Carriers must make "a prima facie showing of jurisdictional facts." *Felland*, 682 F.3d at 672. The court may consider the allegations in the complaint and any evidence submitted by the parties and must resolve any factual disputes in that evidence in favor of the plaintiff. *Id*.

The specific jurisdiction analysis depends in large part on the type of claim at issue. *Felland*, 682 F.3d at 674. In this case, K&S Carriers is seeking a declaratory judgment that it has no liability to Energy Solutions and TQL under state, federal, or common law for the theft of the solar panel shipments. So the underlying controversy involves a theft of solar panels in California. But K&S Carriers has not alleged that the theft itself had any connection to Wisconsin. Instead, K&S Carriers argues that Energy Solutions directed activities at Wisconsin by (1) submitting multiple claims under a cargo liability policy delivered to K&S Carriers in Wisconsin; and (2) serving a notice of claim containing misrepresentations about K&S Carriers's liability to K&S Carriers's address in Wisconsin. But these after-the-fact communications were directed at Wisconsin only because K&S Carriers is located in the state. In fact, Energy Solutions sent the same notice of claim to third parties at addresses in New York, Ohio, Pennsylvania, and London, England.

Energy Solutions could not reasonably anticipate being haled into court in Wisconsin to defend a lawsuit based on its limited actions of sending a demand letter and filing an insurance claim under a policy that happened to be delivered to Wisconsin. *See Walden*, 571 U.S. at 284 ("[D]efendant's suit-related conduct must create a substantial connection with the

6

forum State."). As Energy Solutions points out, many other courts have concluded that sending a demand letter, purchasing insurance, and executing limited contract formalities in a forum do not amount to purposeful availment.[3]

K&S Carriers doesn't address all the authorities cited by Energy Solutions. But it attempts to distinguish *International Medical Group* and *Furth* on the ground that the parties in those cases already had a pre-existing relationship related to activities occurring outside the forum state. But the same can be said of the parties in this case: the events at issue arose out of an agreement—albeit an illusory one—to transport solar panels from California to Florida. Wisconsin's connection to the real subject matter of this lawsuit is tenuous.

K&S Carriers emphasizes that any actions or omissions that K&S Carriers itself committed would have been performed within Wisconsin. But the focus of the due process inquiry is on Energy Solutions's contacts with and activities in the state. *Advanced Tactical*, 751 F.3d at 801 ("[T]he relation between the defendant and the forum must arise out of contacts that the 'defendant himself' creates with the forum.") (quoting *Walden*, 571 U.S. at 284).

---

[3] *See Int'l Med. Grp., Inc. v. Am. Arb. Ass'n, Inc.*, 312 F.3d 833, 847 (7th Cir. 2002) (holding no specific personal jurisdiction over defendant in action requesting arbitration stay and declaratory judgment where defendant sent single letter threatening to pursue arbitration and only sent additional communications at plaintiff's request); *Federated Rural Elec. Ins. Corp. v. Inland Power and Light Co.*, 18 F.3d 389, 395 (7th Cir. 1994) (making telephone calls, mailing payments, and purchasing goods, stock, or insurance from forum state are by themselves insufficient bases upon which to assert personal jurisdiction); *Capitol Indem. Corp. v. Certain Lloyd Underwriters*, 487 F. Supp. 1115, 1121 (W.D. Wis. 1980) ("One who merely purchases insurance from an insurer residing in the forum state does not, by the purchase through an intermediary, subject himself to the jurisdiction of the courts of the insurer's state."); *Furth v. Zanic*, No. 1:06-cv-411, 2006 WL 1720543, at *4 (N.D. Ohio June 22, 2006) (citing cases holding that "a single demand letter sent by an attorney cannot confer specific jurisdiction over the attorney when the letter relates to litigation or potential litigation"); *see also Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 528-29, 542 (5th Cir. 2019) (letter sent to plaintiff in Texas demanding payment to cover damage incurred as result of oil rig explosion in Ohio was not enough to show minimum contacts with Texas).

K&S Carriers argues that Energy Solutions's false accusations in the notice of claim will damage K&S Carriers financially in Wisconsin. But K&S Carriers is not bringing a claim for misrepresentation or any similar tort based directly on Energy Solutions's statements, and it makes no claim for damages against Energy Solutions. Energy Solutions has not filed suit against K&S Carriers, and it was unsuccessful in making an insurance claim under K&S Carriers's cargo policy, so K&S Carriers's claim of financial or reputational injury is speculative. The purported financial difficulties K&S Carriers may experience as a result of Energy Solutions's *potential* claim do not matter for the purpose of establishing personal jurisdiction. *Advanced Tactical*, 751 F.3d at 801 (quoting *Walden*, 571 U.S. at 284 and 291) ("The 'mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction.").

In sum, K&S Carriers has failed to make a prima facie showing that Energy Solutions purposefully directed its activities at Wisconsin, or if it did, that K&S Carriers suffered an injury arising out of Energy Solutions's relevant conduct directed at this state. This conclusion makes it unnecessary to consider the next issue in the due process analysis, which is whether the exercise of jurisdiction over Energy Solutions would comport with traditional notions of fair play and substantial justice. *See Felland*, 682 F.3d at 673.

**B. Improper venue**

Venue in federal civil actions is proper in: (1) the district in which any defendant resides, if all defendants reside in the state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b). K&S Carriers

8

primarily relies on (b)(2),[4] pointing to the same Wisconsin-based communications it relied on in support of personal jurisdiction, as well as its report of identity theft to the Federal Motor Carrier Safety Administration from its office in Wisconsin. But as discussed above, K&S Carriers's claim for declaratory relief arose directly from an alleged theft of solar panels in California. The letters and insurance claims that defendants later sent to Wisconsin do not constitute a substantial part of the events giving rise to this action. The same is true of K&S Carriers's after-the-fact report of identity theft from Wisconsin. Accordingly, the court concludes that venue is improper in this district.

**C. Transfer of venue**

TQL argues, as an alternative to dismissal, that this case should be transferred to the Southern District of Ohio pursuant to a forum-selection clause contained in its broker/carrier agreement with K&S Carriers. *See* 28 U.S.C. § 1404(a). K&S Carriers disputes that the forum selection clause applies, because K&S Carriers did not actually take possession of the Energy Solutions cargo, and thus the stolen solar panels were not cargo carried "under the Agreement."

The broker/carrier agreement was an open-ended blanket agreement governing the relationship between TQL and K&S Carriers. In the indemnification clause in paragraph 9, K&S Carriers agreed to indemnify TQL broadly for any loss "arising out of any intentional or negligent act or omission of [K&S Carriers], its employees or sub-contractors in performing services under this Agreement." Dkt. 22-1. But the agreement entailed obligations beyond the actual hauling of cargo. The agreement also required, for example, that K&S Carriers maintain

---

[4] K&S also cites § 1391(b)(3) as an additional basis for venue, but it has waived any such argument by failing to develop it. In any event, as explained in the next section, the court concludes the action could have been brought in the Southern District of Ohio, so (b)(3) does not apply.

9

specified insurance, that it not solicit TQL's customers, and that it generally follow the applicable laws and regulations.

The forum-selection clause is not limited to disputes over specific loads of cargo, or even to disputes over breaches of the contract. The forum selection clause provides:

> 14. GOVERNING LAW. This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio applicable to contracts to be performed wholly in that state. [K&S Carriers] and [TQL] further agree that the exclusive venue for any lawsuit necessary to resolve a dispute not resolved pursuant to paragraph [15] below shall be in state or federal court in Cincinnati, Hamilton County, Ohio.

Dkt. 22-1. The dispute resolution procedure in paragraph 15 calls for informal discussions and mediation as a condition precedent to litigation for any dispute between the parties "under this Agreement." But the forum-selection clause does not contain any limitation to disputes "under this Agreement." The plain text of the forum selection clause calls for all disputes between TQL and K&S Carriers to be heard in Ohio.

A valid forum-selection clause gets controlling weight in the § 1404(a) analysis in all but the most exceptional cases. *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 63 (2013). This isn't one of the exceptional cases. The court will transfer the case to the Southern District of Ohio, where all parties will be amenable to personal jurisdiction.

ORDER

IT IS ORDERED that:

1. The renewed motion to dismiss or transfer the case by defendant Total Quality Logistics, LLC, Dkt. 34, is GRANTED.

2. The renewed motion to dismiss filed by defendant Energy Solutions and Supplies, LLC, Dkt. 32, is DENIED as moot.

3. The original motions to dismiss, Dkt. 9 and Dkt. 20, are DENIED as moot.

4. The clerk of court is directed to transfer this case to the United States Court for the Southern District of Ohio.

Entered March 29, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge